360 So.2d 1185 (1978)
Sadie GUIN, Individually and as natural tutrix of the minor, Wanda Coleen Guin and Kenneth Guin, Individually, Plaintiffs-Appellants,
v.
STATE of Louisiana Through the DEPARTMENT OF HIGHWAYS et al., Defendants-Appellees.
No. 6486.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
Writ Refused July 3, 1978.
Daniel E. Broussard, Jr., Stephen E. Everett, Gold, Little, Simon, Weems & Bruser; Henry B. Bruser, III, Alexandria, for plaintiffs-appellants.
William J. Doran, Jr., Baton Rouge, for defendants-appellees.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This is a companion case to J-M Poultry Packing Co., Ltd. v. Allstate Insurance Company, our Docket No. 6487, 360 So.2d 1187, Guin et al. v. Employers Mutual Liability Insurance Co. of Wisconsin et al., our Docket No. 6488, 360 So.2d 1187, and, Guin, et al. v. Employers Mutual Liability Insurance Co. of Wisconsin et al., our Docket No. 6489, 360 So.2d 1188. We render separate decisions in each of these cases this date.
These four cases arise out of a vehicular accident which occurred on the Monette Ferry Bridge, Natchitoches Parish, in the early morning hours on December 27, 1975, when a pickup truck driven by Marion S. Guin collided head-on with a tractor-trailer truck driven by Lawrence R. Lemoine. Rodney Dale Guin and Gordon G. Guin were riding as guest passengers in the pickup truck. The tractor-trailer truck was owned by J-M Poultry Packing Company, Ltd. Only Lawrence R. Lemoine survived the *1186 accident. The surviving widows and children of the decedents filed wrongful death and survivor actions against several defendants, including the Louisiana Department of Highways (hereafter Department). J-M Poultry filed suit seeking recovery for the physical damage to its truck.
Prior to trial plaintiffs' claims in all four suits as against all defendants, other than the Department, were settled as a result of which all four suits were dismissed, except insofar as the Department is concerned.
The evidence adduced at trial reflects no genuine dispute as to the following facts. The accident occurred at approximately 5:00 a. m., December 27, 1975, on the Monette Ferry bridge when the tractor-trailer truck, proceeding in a south bound direction, collided head-on with the north bound Guin pickup truck in the south bound lane of traffic. At the time of collision the surface or deck of the Monette Ferry bridge was icy, the icy condition having occurred sometime after 1:00 a. m. and prior to 5:00 a. m. Icing conditions were not present on the highway leading to or from the bridge nor were such conditions present on other bridges in the area, other than perhaps the Grand Ecore bridge, also located in Natchitoches Parish. The last U.S. Weather Bureau forecast prior to the time of accident for the area including Natchitoches Parish, called for clear to partly cloudy skies with lows near 30 and variable mostly west winds 5 to 10 miles per hour. The forecast did not warn of the possibility of frost or icing conditions. Some several hours following issuance of the forecast the skies cleared, the wind went dead calm, the temperature dropped to 31°, and the dew point became ideal for the formation of ice. Under the conditions last referred to, considering that the Monette Ferry bridge is located in a small valley bounded north and south by large hills, a meteorological phenomenon takes place known as the "orographic effect". Simply stated the phenomenon occurs because cold air is denser than warn air and it will flow downhill; the coldest night air flows down the slopes of the hills onto the bottom land and accumulates there; and, if a bridge is located in the valley, the cold air condenses forming ice on the bridge surface. No signs were displayed warning of the presence of ice on the bridge. The Department had not applied any abrasive materials to the bridge following occurrence of the icing conditions. It is also without dispute that Guin lost control of his vehicle upon entering the bridge.
A disputed issue of fact concerns whether or not Guin entered the bridge in his proper lane of travel. The trial judge resolved this disputed issue adverse to plaintiffs concluding that "when the Guin vehicle entered the bridge, it was in the Lemoine lane of traffic". Another disputed issue concerns whether the ice on the bridge was a cause in fact of the accident. This issue was resolved adverse to the Department, the trial judge concluding "that the ice on the bridge was either the cause of the accident or a contributing factor." A final disputed issue of fact concerns whether the Department was negligent for failing to properly design, construct and maintain the bridge and approaches. This latter issue was resolved favorable to the Department, the trial court concluding that "the roadway and bridge met all of the design standards in effect at the time of the construction of the bridge and the road was reasonably safe for ordinary traffic".
Although concluding that the ice on the bridge was a cause or contributing cause of the accident, the trial court absolved the department of any liability for failure to warn or take other protective measures concluding that the evidence failed to establish the Department knew or should have known of the icing conditions or the probability thereof. Plaintiffs appealed. We affirm.
There is more than ample evidence in the record to support the factual findings and conclusions of the trial judge and they will not be disturbed. Canter v. Koehring, 283 So.2d 716 (La.1973).
The duty of the Department is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonable prudence. The Department is liable for damages only when it is shown (1) that the hazardous condition complained *1187 of was patently or obviously dangerous to a reasonably careful and ordinarily prudent driver, and (2) that the Department had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3rd Cir. 1974), writ refused La., 303 So.2d 182.
In the instant case the Department did not have actual notice of the hazardous condition before the accident occurred. Additionally, there was no reason to anticipate icing conditions on the date of the accident considering the official U.S. Weather Bureau forecast. The icing condition occurred without warning during the very early morning hours just prior to the accident and resulted when a change in weather conditions neither forecast nor anticipated produced a meteorological phenomenon referred to as the "orographic effect". Under these circumstances it can hardly be said that the Department had notice of the existence of this dangerous condition and failed within a reasonable time to correct it. See Coleman v. Houp, 319 So.2d 831 (La. App. 3rd Cir. 1975).
For the above and foregoing reasons the judgment appealed from is affirmed at appellants' cost.
AFFIRMED.